IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIEYA ANDIE OWUSU ANSAH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:24cv1302 |
| ) | **Electronic Filing** |
| **UPMC MEDICAL CENTER** and ) | |
| **JESSICA RUSSELL,** ) | |
| ) | |
| Defendants. ) | |

# OPINION

Plaintiff commenced this action by filing a motion to proceed *in forma pauperis* and attaching to it a "complaint" against UPMC Medical Center ("UPMC") and Jessica Russell ("Russell") (collectively "defendants"). Plaintiff seeks redress for a delay in implementing an approved increase in the authorized hours of home health care to be provided to her mother.[1] Defendants entered an appearance prior to the court conducting the traditional screening under 28 U.S.C. § 1915(e). Presently before the court is defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion will be granted.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under the Supreme Court's decision in Bell Atlantic Corp. v.

---

[1] Although it is less than clear, it appears that plaintiff was providing care to her mother as a home health care aid when the interactions highlighted in the complaint occurred.

Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at 544. In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are "'merely consistent with' a defendant's liability." Id. Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,'

'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678 ("'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

It also is well settled that pleadings filed by *pro se* litigants are to be construed liberally. McNeil v. United States, 508 U.S. 106, 113 (1993); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). And in such circumstances the court has an obligation to "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." Higgins, 293 F.3d at 688 (quoting Holley v. Dept. of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

But the above-referenced standards are not to be read as a license to excuse or overlook procedural shortcomings in pleadings submitted by those who choose to represent themselves. McNeil, 508 U.S. at 113 ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

Thus, a complaint drafted without the benefit of counsel nevertheless must comply with Federal Rule of Civil Procedure 8(a). And, while Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claims showing that the pleader is entitled to relief," Rule 12(b)(6) is not without meaning. Krantz v. Prudential Investments Fund Management, 305 F.3d 140, 142 (3d Cir. 2002). It follows that in order to comply with the applicable pleading standards "more detail is often required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Id. at 142 - 43 (quoting Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1357 at 318 (2d ed. 1990)). This principle appears to be even more well-grounded after Twombly.

The facts read in a light most favorable to the plaintiff are as follows. On June 20, 2024, plaintiff had a meeting with Russell to discuss approving 65 hours of care per week for plaintiff's mother. Russell told plaintiff she had to get approval from the "team" prior to increasing the care and indicated they would be in contact in one week to advise whether the hours were approved. Eventually, the hours were approved and the care was increased to 65 hours per week. Russell tried to contact plaintiff's mother about the approved increase but was unable to make contact with either plaintiff or her mother. On or about August 2, 2024, plaintiff discovered that the increase in care had been authorized. She was never contacted by voicemail or written communication to inform her of the increase. She learned of it when she reached out to Russell by email.

The complaint asserts jurisdiction under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2] It also lists a variety of claims under Title

---

[2] "Bivens is the short-hand name given to causes of action against federal officials for alleged constitutional violations." Bistrian v. Levi, 912 F.3d 79, 88 (3d Cir. 2018).

VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act of 1963, the Rehabilitation Act of 1973, the Equal Opportunity Act of 1972, the Fair Labor Standards Act, and a claim for "elder neglect/abandonment."

As a backdrop to plaintiff's assertions, defendants explain that "UPMC Community HealthChoices is a managed care plan offered by UPMC For You, Inc. (a subsidiary of UPMC) that provides Medicaid-funded insurance coverage, including certain coverage for long-term supports and services ('LTSS') such as in-home care. Ms. Russell is an LTSS Service Coordinator for UPMC Community HealthChoices, with whom Ms. Owusu Ansah has corresponded. (See Complaint [ECF No. 6] at 10.). Ms. Owusu Ansah is an in-home care provider who is compensated by Superior Care Home Care Agency, LLC ('Superior Care') for delivering personal care services." Motion to Dismiss (Doc No. 11) at ¶¶ 5-7.

Defendants further note that "[a]ll of the claims lodged in the Complaint relate to Ms. Owusu Ansah's role as an in-home caretaker and her entitlement to wages for that work." Id. at ¶ 2. And they observe that plaintiff's employment relationship with Superior Care Home Care Agency is documented by the time sheets plaintiff attached to her motion to proceed *in forma pauperis* in Nieya Andie Owusu Ansah v. Superior Home Care Agency, 2:24cv1115 (at Doc. No. 1-2 in that case).

Defendants maintain that the complaint in this action should be dismissed for the following reasons. First, they are not subject to suit under 42 U.S.C. § 1983 because they did not act under color of state law. Second, plaintiff has never been an employee of any UPMC entity and thus her employment claims fail as a matter of law. Third, plaintiff lacks standing to pursue relief for any harm allegedly suffered by her mother and a claim for "elder neglect/abandonment" is not legally cognizable in any event.

In her response, plaintiff contends that she has been harmed by not receiving timely notice of the increase in her mother's care and she has legitimate claims under the Fair Labor Standards Act and for civil rights violations. In addition, she asserts that her wages were withheld by "Superior Home Care" and "Skymas Living Solutions." Response in Opposition (Doc. No. 16) at p. 2. In doing so, she essentially admits that she has employment relationships with these entities.

Plaintiff's claims will be dismissed for a number of reasons. First, plaintiff has not set forth sufficient facts to show plausibly that defendants were acting under color of law and therefore any claim arising under 42 U.S.C. § 1983 or Bivens will be dismissed. Section 1983 provides a cause of action for "any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of state law." Untracht v. Fikri, 454 F. Supp. 2d 289, 316 (W.D. Pa. 2006) (citing Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002)). To recover under Section 1983, a plaintiff must establish "1) that the conduct complained of was committed by a person acting under color of state law; and 2) that as a result of this conduct plaintiff was deprived of rights, privileges or immunities secured by the Constitution or the laws of the United States." Id. (citing West v. Atkins, 487 U.S. 42, 48 (1988)). If a defendant was not acting under color of state law, a "claim for the violation of civil rights under § 1983 must fail." Id.

Acting under color of state law is shown if:

1) the deprivation of federal rights was caused by the exercise of some right or privilege created by the state or by a person for whom the state is responsible; and

2) the party charged with the deprivation was a person who may fairly be said to be a state actor.

6

Id.  The "heart of the inquiry is to discern if the defendant exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  Id. at 317.

The inquiry under Bivens similarly is focused on the exercise of authority under color of law.  In this regard, our Court of Appeals has viewed Bivens as indistinguishable from § 1983 in establishing a damages remedy for unconstitutional action taken under color of *federal* law.  Fisher v. Hollingsworth, 115 F.4th 197, 209 (3d Cir. 2024).

The Supreme Court has recognized at least three tests to determine whether the actions of a private person can be attributed to the state:

> 1) the "close nexus" test, under which the court determines whether the state can be deemed responsible for the specific conduct at issue, 2) the "symbiotic relationship" test, in which the court examines the relationship of the parties to determine whether or not the state has "insinuated itself into a position of interdependence" with the alleged actor, so as to be considered a joint participant therein; and 3) the "public function" test, under which the court inquires into whether the government is using a private party to engage in activities that were the exclusive prerogative of the state.

Id. (citations omitted).

Under any of these tests, plaintiff has not pled facts to show plausibly that either UPMC or Russell was acting under color of state or federal law.  Of course, UPMC's receipt of federal Medicare or Medicaid funding and administrative actions leading to the allocation of that funding are in themselves inadequate to establish action under color of law.  See Hodge v. Paoli Memorial Hospital, 576 F.2d 563, 564 (3d Cir. 1978) ("We have determined to stand with the vast majority of courts of appeals and hold that the receipt of Hill-Burton construction funding, Medicare and Medicaid funds, and the existence of tax exemption, as well as state licensing requirements for nonprofit hospitals, do not constitute state action under 42 U.S.C. § 1983.").  It

7

follows that plaintiff has failed to state a plausible claim for relief under Bivens or § 1983 and any such claim must be dismissed.

Plaintiff's various employment-based claims suffer from similar shortcomings. Plaintiff has not plausibly shown that she and defendants have or had an employer-employee relationship. An employment relationship must be established to proceed with each of the various employment claims proffered by plaintiff. Title VII prohibits an "unlawful employment practice" by an employer. 42 U.S.C. § 2000e-2. To establish a prima facie case of discrimination under the Americans with Disabilities Act, a plaintiff must be able to establish that her or she (1) has a disability, (2) is a qualified individual, and (3) has suffered an adverse employment action as a result of the discrimination. Jakomas v. City of Pittsburgh, 342 F.Supp.3d 632, 642 (W.D. Pa. 2018). The Age Discrimination in Employment Act states that it is unlawful for an employer to discriminate against a party based on their age. 29 U.S.C. § 623. Under the Equal Pay Act a plaintiff must demonstrate that "employees of the opposite sex were paid differently for performing 'equal work.'" Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000) (citing E.E.O.C. v. Delaware Dept. of Health and Social Services, 865F.2d 1408, 1413-14 (3d Cir. 1989)). To establish a prima facie case under the Rehabilitation Act, a plaintiff must show an employer-employee relationship. See Mengine v. Runyon, 114 F.3d 415, 419 (3d Cir. 1997) (observing that the Rehabilitation Act was amended in 1992 to incorporate the standards of the ADA); see also Shiring v. Runyon, 90 F.3d 827, 830 (3d Cir. 1996) (same). The Equal Employment Opportunity Act of 1972 is not a viable claim alone but instead reflects an expansion of the Equal Employment Opportunity Commission's enforcement powers. See Equal Opportunity Act of 1972. To show a prima facie case under the Fair Labor Standards Act, a plaintiff must first plead that he or she was an "employee" as defined by the FLSA. Mell v. GNC Corp., No. 10-945, 2010 U.S. Dist. WL 4668966 at *5 (W.D. Pa. Nov. 9, 2010).

It follows that an employer-employee relationship must be established in order to plead a claim under each of the employment claims alleged here.  Plaintiff has not sufficiently pled facts to show plausibly that UPMC was her employer.  In fact, plaintiff has submitted documents showing that Superior Home Care was her employer, not UPMC.  Doc. No. 13 at p. 2.  She also has submitted time sheets in her motion to proceed in forma pauperis in Owusu Ansah v. Superior Home Care Agency, 2:24cv1115, reflecting that she is employed by Superior Home Care Agency.  See Doc. No. 1-2 in that case.  Given this backdrop, plaintiff has not shown that defendants were her employer for the purposes of establishing the threshold requirement of an employment relationship in the preceding employment-based claims and as such those claims also will be dismissed.

Plaintiff's claim of "elder neglect/abandonment" will be dismissed because plaintiff does not have standing to bring a negligence claim.  To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).  In this regard, a *pro se* litigant who is "not an attorney may not represent someone else in federal court."  McCain v. Abraham, 337 Fed. Appx. 141, 142 (3d Cir. 2009) (citing Osei-Afriyie v. Med. Coll. of Penn., 937 F.2d 876, 882 (3d Cir. 1991)).  Plaintiff does not identify any injury to her person or property that may be fairly traced to the challenged conduct of defendants.  As a result, she lacks standing to pursue relief from them for the harms identified.  To the extent that plaintiff's claims of "elder neglect/abandonment" seek redress for harm suffered by her mother or other patients, plaintiff likewise does not have standing to bring this claim.  It follows that plaintiff's "elder neglect/abandonment" claim must be dismissed.

The record lacks a sufficient basis to warrant dismissing plaintiff's claims with leave to amend and therefore plaintiff's claims will be dismissed with prejudice.  Generally, plaintiffs are

9

entitled to amend pleading deficiencies unless attempting to do so would be inequitable or futile. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Cessna v. REA Energy Cooperative, Inc, 258 F.Supp.3d 566, 595 (W.D. Pa. 2017) (quoting Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)). The court may dismiss a claim with prejudice when leave to amend would be futile. Grayson, 293 F.3d at 108.

As previously noted, when ruling on a motion to dismiss for failure to state a claim the court must accept all factual allegations in a complaint as true and view them in a light most favorable to the plaintiff. Ashcroft, 556 at 678. In this case, even assuming all facts are true and drawing all reasonable inferences in plaintiff's favor, plaintiff has failed to state a claim upon which relief may be granted. What's more, the record makes clear that it is unreasonable to assume or conclude that she can advance factual allegations that will cure the fundamental deficiencies highlighted above. First, she cannot amend the complaint to show plausibly that defendants acted under color of law because, at minimum, there is no conceivable basis to assume defendants acted under federal or state authority. Second, she cannot amend the complaint to cure the deficiencies to allege an employer-employee relationship existed between the parties as required by the preceding employment claims. Lastly, plaintiff is unable to assert a claim for another person's injuries and has not identified any personal injuries traceable to the conduct of defendants. Given that the record indicates amending the complaint would be futile, all of plaintiff's claims will be dismissed with prejudice.

For the reasons set forth above, defendants' motion to dismiss will be granted. Plaintiff's claims will be dismissed with prejudice.[3] An appropriate order will follow.

Date: August 8, 2025

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:   Nieya Andie Owusu Ansah
   11 Tecumsah Street
   Apartment 206
   Pittsburgh, PA 15207

   (*Sent Via First Class Mail*)

   Antoinette C. Oliver, Esquire

   (*Via CM/ECF Electronic Mail*)

---

[3] Because defendant's motion to dismiss will be granted, plaintiff's motion for entry of default and motion for summary judgement will be denied as moot.